IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 9, 2020

**STATE OF TENNESSEE v. JAMES ANDREW WEIDEKAMP**

**Appeal from the Criminal Court for Putnam County
Nos. 13-CR-0772, 14-CR-0231, 14-CR-0232, 14-CR-0772
Wesley Thomas Bray, Judge**

———————————————————

**No. M2020-00736-CCA-R3-PC**

———————————————————

The Petitioner, James Andrew Weidekamp, appeals the summary denial of his petition for post-conviction relief, asserting that due process considerations should toll the statute of limitations. After review, we affirm the denial of the petition as time-barred.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J., joined.

James Andrew Weidekamp, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Beth Willis, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On September 18, 2014, the Petitioner entered into a plea agreement in which he pled guilty to three counts of aggravated burglary and one count of attempted introduction of contraband into a penal facility in exchange for an effective sentence of eleven years, resolving fourteen cases against him. At the plea hearing, the State set out the factual basis for the pleas as follows:

> [I]n Case No. 13-0772, [the Petitioner] broke into his father's home and stole two weapons. Those weapons were later located that had been pawned by

the [Petitioner]. There's a pawn ticket in the file. He was eventually interviewed by a detective with the Putnam County Sheriff's Department and confessed to doing that.

In Case N[o]. 14-CR-231, broke into another home belonging to a Doug Massa. He also stole two guns there. He was later interviewed and confessed to breaking into that home as well.

In 14-CR-232, the victim was a Craig Allen. He broke into a home, a number of items were taken. Sparta Police Department [o]fficers located him, along with another subject, at a pawn shop there trying to pawn the items that were taken from this burglary and there was a video of that transaction where you could see the items actually where we could verify those as the items taken from this home.

While waiting to resolve all these cases, [the Petitioner] was a prisoner here in the Putnam County Jail. A situation occurred, we had a preliminary hearing I believe last week, where they received some information that a possible contraband attempt was going to take place. Officers set up to investigate the matter in the cell that [the Petitioner] was locked down in by himself. They located a hole in the wall or the window and he, along with another individual, tried to introduce some marijuana and also some tobacco through a long string of either plastic baggies or long line of broken sheets or torn up sheets.

At the plea hearing, the Petitioner acknowledged the evidence against him and averred that he was pleased with the resolution of the cases.

The Petitioner filed a petition for post-conviction relief on February 24, 2020. In his petition, the Petitioner asserted that he was entitled to due process tolling of the statute of limitations because he did not receive his case file from counsel until October 21, 2019, despite his numerous letters to counsel requesting such over the years. He asserted that "[u]nder the Whitehead[ v. State, 402 S.W.3d 615, 631 (Tenn. 2013),] analysis, there can be no doubt that [the Petitioner] had been diligent in his attempts to obtain his file and transcripts from [counsel]."

As to the claims raised in his petition, the Petitioner argued that his pleas were not knowing and voluntary because counsel never showed him any of the discovery from the State; did not present all of the plea offers from the State to him or convey his counteroffer to the State; and he was under the influence of Zoloft during the plea hearing.

- 2 -

On March 5, 2020, the post-conviction court denied the petition, finding that it was not timely filed and therefore barred by the statute of limitations. In the order, the post-conviction court directed that "[i]n compliance with T.C.A. § 40-30-112, the Clerk of the Court shall send a copy of this final judgment to the Petitioner's attorney, any authority imposing restraint on the Petitioner, and the Attorney General and Reporter in Nashville."

## ANALYSIS

The Petitioner first requests this court to waive the untimely filing of his notice of appeal, which should have been filed "within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). In this case, the notice of appeal should have been filed by April 4, 2020. However, the Petitioner contends that he did not receive a copy of the court's order denying his petition, noting that the order did not specifically name him as a recipient, until after his mother contacted the court clerk on or about April 30, 2020 and he then received a copy by mail on May 4, 2020. He deposited his notice of appeal in the prison mail system on May 14, 2020, and it was deemed filed with the appellate court clerk on May 18, 2020.

We are disinclined to determine that the interests of justice necessitate waiver of the timely filing of the notice of appeal document as the "authority imposing restraint on the Petitioner," i.e., the prison, was to receive a copy of the order and presumably would have notified the Petitioner of such. Moreover, after receiving a copy of the order, the Petitioner waited ten more days before mailing his notice of appeal, without any explanation for the delay. Furthermore, the Petitioner had no disputes with the State's recitation of the evidence against him at the plea hearing, which included confessions by him and video proof. In any event, as we will address below, we conclude that the post-conviction court did not err in denying the petition for post-conviction relief as time-barred.

The Petitioner acknowledges that his petition was filed outside the one-year statute of limitations, approximately five and a half years after his judgments became final, but he argues that he is entitled to due process tolling of the statute of limitations pursuant to Whitehead, 402 S.W.3d 615.

Under the Post-Conviction Procedure Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a).

The post-conviction statute contains a specific anti-tolling provision:

The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Id.

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered but notes that absent an exception, "No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period[.]" Limited statutory exceptions and the principles of due process may, in very limited circumstances, require the tolling of the one-year statute of limitations. See Seals v. State, 23 S.W.3d 272 (Tenn. 2000); Burford v. State, 845 S.W.2d 204 (Tenn. 1992). When a petitioner seeks tolling of the limitations period on the basis of due process, however, he is obliged "to include allegations of fact in the petition establishing . . . tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations . . . will result in dismissal." State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001).

"Issues regarding whether due process require[s] the tolling of the post-conviction statute of limitations are mixed questions of law and fact and are, therefore, subject to de novo review." Whitehead, 402 S.W.3d at 621. In Whitehead, our supreme court identified three circumstances that allow for equitable tolling: 1) when the claim for relief arises after the statute of limitations has expired; 2) when a petitioner's mental incapacities prevent the petitioner from filing prior to the expiration of the statute of limitations; and 3) when attorney misconduct necessitates the tolling of the statute of limitations. Whitehead, 402, S.W.3d at 620-21.

A petitioner is entitled to due process tolling "upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." Bush v. State, 428 S.W.3d 1, 22 (Tenn. 2014) (citing Whitehead, 402 S.W.3d at 631). Regarding the first prong of the analysis, the court stated that "pursuing one's rights diligently 'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts [to pursue his or her claim].'" Id. (quoting Whitehead, 402 S.W.3d at 631). "[T]he second prong is met when the prisoner's attorney of record abandons the prisoner or acts in a way directly adverse to the prisoner's interests, such as by actively lying or otherwise misleading the prisoner to believe things about his or her

- 4 -

case that are not true." <u>Whitehead</u>, 402 S.W.3d at 631. The Tennessee Supreme Court emphasized that, "'[i]n every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances *beyond a petitioner's control* prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations' . . . [which still] holds true today." <u>Id.</u> at 634 (quoting <u>Smith</u>, 357 S.W.3d at 358) (emphasis in original). Importantly, due process tolling "'must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" <u>Bush</u>, 428 S.W.3d at 22 (quoting <u>Whitehead</u>, 402 S.W.3d at 631-32).

The Petitioner has not met the standard set out in <u>Whitehead</u> for due process tolling of the statute of limitations. Even assuming he wrote multiple letters to counsel in an effort to obtain his file, having one's case file is not a perquisite to the filing of a post-conviction petition. <u>See</u> <u>Alexander R. Carino v. State</u>, No. E2018-00775-CCA-R3-PC, 2018 WL 5780231, at *5 (Tenn. Crim. App. Nov. 2, 2018), <u>perm. app. denied</u> (Tenn. Feb. 20, 2019) (noting that "[t]he Petitioner's case file is not a condition precedent to his filing of his petition for post-conviction relief."); <u>Charles Brenden Davis v. State</u>, No. M2016-02512-CCA-R3-PC, 2017 WL 2257704, at *4 (Tenn. Crim. App. May 23, 2017) (observing that "even if the Petitioner had not received his case file by the deadline for filing his post-conviction petition, the Petitioner could have timely filed his post-conviction petition before his case file arrived and later amended the petition."). In addition, the Petitioner does not allege that counsel actively lied to or misled him as did the petitioner in <u>Whitehead</u>. Furthermore, the Petitioner does not offer an explanation for the four-month delay between the time he received his file in October 2019 and when he filed his petition in February 2020. This simply is not one of "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" <u>Whitehead</u>, 402 S.W.3d at 631-32.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the post-conviction court's denial of the petition as time-barred.

_____
ALAN E. GLENN, JUDGE

- 5 -